UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DEVERSON DORCEUS,

                              Plaintiff,                      **MEMORANDUM & ORDER**
                                                                               15-CV-3841 (MKB)

                                    v.

THE CITY OF NEW YORK, THE NEW YORK
CITY DEPARTMENT OF EDUCATION and
RICHARD DIXON,

                                Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Deverson Dorceus, proceeding *pro se*, brings this action against Defendants the City of New York, the New York City Department of Education ("DOE") and Richard Dixon, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"). (Docket Entry No. 1.) On the same day, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (Mot. for Leave to Proceed IFP ("Decl."), Docket Entry No. 2.) Plaintiff's IFP application is denied and he is directed to pay the filing fee of $400 within fourteen (14) days of the date of this Memorandum and Order in order to proceed with this action.

    **I.    IFP Application**

       "The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Glass v. Comm'r of Soc. Sec.*, No. 13-CV-4026, 2013 WL 3938740, at *1 (E.D.N.Y. July 30, 2013) (citing *Davis v. N.Y.C. Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010)). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to

proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). "The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court." *Pinede v. N.Y.C.Dep't of Envtl. Prot.*, No. 12-CV-6344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (citations omitted); *DiGianni v. Pearson Educ.*, No. 10-CV-206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing *Maccaro v. N.Y.C. Health & Hosps. Corp.*, No. 07-CV-1413, 2007 WL 1101112, at *1 (E.D.N.Y. Apr. 11, 2007)).

Here, the financial declaration form that Plaintiff submitted does not satisfy the Court that he is unable to pay the filing fee to commence this action. Plaintiff states that in the past twelve months he has received Social Security Disability benefits in the amount of $1400.[1] (Decl. ¶ 3.) Plaintiff indicated that in May of 2015, he "began receiving $2100" from the "UFT Teacher retirement system."[2] (Decl. ¶ 3.) Plaintiff also has $20,000 in a checking or savings account, and has a home valued at $115,000. (Decl. ¶¶ 4–5.) Plaintiff pays monthly bills of $964 for a mortgage, $120 for electricity, $420 for credit card bills, $184 for telephone and cable television bills, $50 for water, $520 in car payments on two car loans, $280 for car insurance, and $260 for gasoline. (Decl. ¶¶ 6, 8.) Plaintiff also states that he supports his wife, two daughters and his father. (Decl. ¶ 7.) Based on Plaintiff's IFP application, the Court finds that Plaintiff has sufficient resources to pay the $400 filing fee to commence this action and his IFP application is therefore denied.

---

[1] The Declaration does not state whether this amount was received in each of the twelve months to which Plaintiff refers.

[2] Although Plaintiff does not specify, it appears that this is a recurring payment of $2100.

2

## II. Conclusion

Accordingly, Plaintiff must pay the $400 filing fee within fourteen (14) days of the date of this Memorandum and Order in order to proceed further. No summons shall issue at this time and all further proceedings shall be stayed for fourteen (14) days or until Plaintiff has complied with this Memorandum and Order. If Plaintiff fails to pay the filing fee within the time allowed, the Complaint shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: November 9, 2015
      Brooklyn, New York